# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK H. PRICE,

                    Petitioner,

v.                                                    Case No. 17-CV-1226-JPS

REED RICHARDSON,

                    Respondent.                       **ORDER**

On September 11, 2017, Petitioner Mark H. Price ("Price") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After proceeding to trial in Winnebago County Circuit Court in February 1991, Price was convicted of first degree intentional homicide and various related charges. *Id.* at 2. On February 20, 1991, he was sentenced to life imprisonment. *Id.* Price appealed his conviction beginning in March 1992, but it was upheld at each level of the Wisconsin court system. *Id.* at 3.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute

of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Price's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Price's petition presents an enormous timeliness problem. Price's state level appeals ended on June 14, 1994, with the Wisconsin Supreme Court's denial of his petition for review. (Docket #1 at 3). Price did not seek certiorari from the U.S. Supreme Court. *Id.* at 4. Thus, the clock for Price's statute of limitations began to tick on September 12, 1994. The instant petition was not filed until almost precisely thirteen years later. Price did file a motion for post-conviction relief, but not until February 6, 2014. *Id.* Such motions can toll the expiration of the statute of limitations, but they do not restart the clock. *Graham v. Borgen*, 483 F.3d 475, 477 (7th Cir. 2007). In other words, Price's one-year window closed long before his post-conviction motion was filed, so there was nothing for the motion to toll.

Though Price appears to have missed his deadline for filing his petition, that does not end the Court's analysis. There are two common-law exceptions that still might apply to render Price's petition timely: the "actual innocence" gateway and equitable tolling. The actual innocence

gateway allows excuse of a procedural default when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Price must show that new evidence makes it unlikely that he would have been found guilty. *Id.* at 896.

The second potential exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)) (internal quotation marks omitted). Though it seems impossible that Price could have an excuse for such a delayed filing, the Court of Appeals cautions against dismissing a case on timeliness grounds without eliciting argument from the parties. *See, e.g., Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) ("it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition," thus, it is generally accepted that the Court should not dismiss a petition *sua sponte* on timeliness grounds, without input from the parties; also noting that the limitations period of 28 U.S.C. § 2244 "is an affirmative defense, [which] the state has the burden of" proving) (citing *Acosta v. Artuz*, 221 F.3d 117, 121–22 (2d Cir. 2000);

*United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J. concurring)); *see also Ray*, 700 F.3d at 1006.

Nevertheless, because of the nigh-insurmountable procedural hurdle Price's petition faces, the Court finds it most prudent to order briefing on the statute of limitations issue prior to any argument on the merits of the case. The parties will, therefore, present their positions on the timeliness of Price's petition in accordance with the following schedule:

| | |
|---|---|
| Respondent's opening brief: | **November 1, 2017** |
| Petitioner's response: | **December 1, 2017** |
| Respondent's reply: | **December 15, 2017** |

These dates are not subject to adjustment. Once briefing is complete, the Court will make a final determination on the timeliness issue. If Price's petition survives, the Court will complete the screening process.

Price also requests leave to proceed without prepayment of the $5.00 filing fee owed in this matter. (Docket #3). In light of his limited resources, as detailed in his prison trust account statement, (Docket #4), the Court will grant Price's request.

Accordingly,

**IT IS ORDERED** that, on or before **November 1, 2017**, Respondent shall file a brief concerning the timeliness of Petitioner's petition. On or before **December 1, 2017**, Petitioner shall file a response to Respondent's brief. On or before **December 15, 2017**, Respondent shall file a reply. There will be no extensions of time granted for the filing of these briefs; and

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #3) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2017.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge