# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK H. PRICE,

      Petitioner,

v.

REED RICHARDSON,

      Respondent.

Case No. 17-CV-1226-JPS

**ORDER**

   The Court screened Petitioner Mark H. Price's ("Price") petition on October 2, 2017. (Docket #7). The Court noted that it appeared almost certain that Price's petition was filed beyond the applicable statute of limitations. *Id.* at 2. It therefore ordered immediate briefing on the issue. *Id.* at 4. That briefing is now complete. (Respondent's Opening Brief, Docket #10; Petitioner's Response, Docket #11; Respondent's Reply, Docket #12). For the reasons explained below, the Court's suspicion was correct—Price's petition is untimely and must be denied.

   Price was convicted of numerous serious felonies in Winnebago County Circuit Court in January 1991. (Docket #10-1 at 2). He was sentenced to life imprisonment in February 1991. *Id.* Price appealed, the Wisconsin Court of Appeals affirmed his conviction in March 1994. (Docket #10-2 at 2). The Wisconsin Supreme Court denied Price's petition for review on June 14, 1994. (Docket #1 at 3). On February 6, 2014, almost twenty years later, Price filed a motion for post-conviction relief in Wisconsin state court. (Docket #10-3 at 18). The motion was denied by the circuit court in February 2015, and Price appealed. *Id.* at 22. The Court of Appeals affirmed that denial on August 10, 2016. (Docket #10-4). Price sought review in the

Wisconsin Supreme Court, which rejected his request on December 13, 2016. (Docket #10-5 at 1). Price's federal habeas petition was filed on September 11, 2017. (Docket #1).

As explained in the Court's screening order, state prisoners seeking federal habeas review have one year from the date their judgment of conviction became final to file their petition. 28 U.S.C. § 2244(d)(1). A judgment is "final" under this rule at "the conclusion of direct review [in the state appellate courts] or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). This includes the ninety-day period allowed for filing a petition for writ of certiorari with the U.S. Supreme Court. *Ray*, 700 F.3d at 1003. For Price, who did not seek certiorari, this means that his conviction appeared to be final as of September 12, 1994.

However, the statute of limitations described in Section 2244(d)(1) was put in place by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). AEDPA was enacted on April 24, 1996. *Id.* The correct deadline for Price's federal habeas filing, then, was April 24, 1997. *Id.* Even with this extended deadline, Price's instant petition was filed just over twenty years too late.

Price suggests two reasons why his extreme tardiness should be excused. The first is the "actual innocence gateway." *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015). As its name suggests, the actual innocence gateway allows a court to excuse a procedural failing, such as untimeliness, when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Id.* at 896 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The gateway is narrow and is only

available to Price if he shows "that 'in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)).

Price failed to meet this evidentiary burden because he has presented almost no evidence at all. The only evidence before the Court are Price's sworn statements in his petition, *see* (Docket #1 at 6-7), and nine pages of documents attached to his brief, (Docket #11-1). The statements in the petition are unsupported by any affidavit testimony or other evidence. The first document attached to Price's brief is a 2004 affidavit from Price's former counsel in his criminal case, and though it covers many various topics, Price does not explain its relevance to his actual innocence claim. *See* (Docket #11-1 at 1-6; Docket #11 at 7-8). The other document is a letter to Price from the state public defender in response to his complaints about his lawyer's inaction. (Docket #11-1 at 7-8). Neither document supports any of the assertions in the petition. Price's minimal evidence does nothing to shake the Court's confidence in the outcome of his trial. In other words, his uncorroborated statements in the petition supply no basis for the Court to conclude that it is more like than not that no reasonable juror would have found him guilty.

Price's second avenue for avoiding the statute of limitations is equitable tolling. Equitable tolling can excuse an untimely petition if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This is "a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." *Id.* at 684 (quotations omitted). "[T]he threshold

necessary to trigger equitable tolling is very high," and it is "an extraordinary remedy [which] is rarely granted." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Even where it applies, equitable tolling can only offer a "brief extension of time during which a late filing will be accepted." *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017). The Seventh Circuit has held that a petition which was just two months late could not be saved by equitable tolling. *Gladney v. Pollard*, 799 F.3d 889, 894-95 (7th Cir. 2015). The Court finds that Price's two-decade delay, by itself, almost completely closes the door on his request for equitable tolling. Any sliver of viability is destroyed by Price's lack of diligence. Even taking his statements in his brief as true (they are not sworn), there are substantial gaps between his various attempts to attack his criminal conviction. Indeed, Price has no explanation at all for the period from late 2009 until early 2014, a period which on its own would have exhausted the limitations period many times over. The majority of Price's argument is that his incarceration impeded his ability to litigate, and that his lawyer was dilatory, but these are not extraordinary circumstances. *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017); *Socha*, 763 F.3d at 685-86.

In sum, Price's petition is untimely and he has not carried his burden to forgive that fact via equitable relief. His petition must, therefore, be denied. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Price must make a "substantial showing of the denial of a constitutional right" by establishing that

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Price's petition.

Finally, the Court closes with some information about the actions that Price may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more

than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner Mark H. Price's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Mark H. Price's petition (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge